UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA
PHOENIX DIVISION

**KARLA HARPER**                                    **CIVIL ACTION NO.:**

**VERSUS**

**NEW YORK LIFE INSURANCE COMPANY**
**and LIFE INSURANCE COMPANY**
**OF NORTH AMERICA**

## COMPLAINT

### I.   PARTIES

1. Plaintiff, **KARLA HARPER**, is a person of the full age of majority, and a resident of the Town of Florence, County of Pinal, State of Arizona.

2. Defendant, **LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA")**, is a foreign corporation authorized to do and doing business in the State of Arizona in this judicial district.

3. Defendant, **NEW YORK LIFE INSURANCE COMPANY, ("NYL"),** is a foreign corporation authorized to do and doing business in the State of Arizona in this judicial district.

### II.   JURISDICTION & VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this suit involves questions of federal law, namely the Employee Retirement Income Security Act of 1974 ("ERISA").

5. Venue is proper in this district under 28 U.S.C. §1391(b) because Plaintiff is a resident of this district, and a substantial part of the events giving rise to the claim occurred in this district.

### III.    FACTS AND ALLEGATIONS

6. Plaintiff at all material times was employed as a SharePoint Administrator Developer for General Atomix (not a defendant) and a beneficiary and participant in its employee benefits plan ("the Plan"), administered for participating employees in the state of Arizona and elsewhere.

7. Defendant, **LINA**, acted at all relevant times as a fiduciary of the Plan by virtue of being under contract with General Atomix and the Plan to insure the Plan and provide certain claims services relevant here.

8. Defendant, **LINA**, insured the Plan and Plaintiff as beneficiary for all benefits at issue herein through an insurance policy ("the Policy").

9. Defendant, **NYL**, acquired the assets and obligations of **LINA** in December of 2021, and thereafter acted at all relevant times as a fiduciary of the Plan by virtue of being under contract with General Atomix and the Plan to insure the Plan and provide certain claims services relevant here, and insured the Plan and Plaintiff as beneficiary for all benefits at issue herein through an insurance policy ("the Policy").

10. Among other benefits, the Plan and the Policy provided Plaintiff with long term disability and waiver of premium insurance benefits.

11. Beginning March 16, 2022, Plaintiff became, remains, and will continue permanently to be, disabled from her own former occupation, as well as any occupation, as defined by the Plan and the Policy as a result of laminectomy syndrome, spondylosis, low back pain, chronic pain syndrome, and myalgia, required medical treatment and medications.

12. Despite receiving overwhelming proof that Plaintiff qualified for benefits under the Plan and the Policy terms, **LINA** on initial denial, and **NYL** on appeal, arbitrarily and capriciously refused to pay benefits that Plaintiff is entitled to receive under the terms of the Plan and the Policy.

13. Plaintiff has exhausted all required administrative remedies under the Disability Plan prior to filing this lawsuit.

14. Plaintiff incurred attorney's fees in order to pursue benefits from the Plan and the Policy.

15. Plaintiff is entitled to judgment awarding benefits owed under the terms of the Plan and the Policy against Defendant **LINA** and **NYL**.

16. Plaintiff is entitled to judgment awarding reasonable attorney fees incurred in pursuit of these claims from Defendant **LINA** and **NYL**.

17. The standard of review of Plaintiff's claims herein is *de novo*, by virtue of no grant of discretionary authority being properly vested in the ultimate claim decision maker.

**WHEREFORE**, Plaintiff **KARLA HARPER**, prays for judgment against Defendants, **LIFE INSURANCE COMPANY OF NORTH AMERICA and NEW YORK LIFE INSURANCE COMPANY** as follows:

1. For all benefits due Plaintiff under terms of the Plan and the Policy, plus appropriate pre- and post-judgment interest;
2. For all reasonable attorney's fees;
3. For costs of suit; and
4. For all other relief as the facts and law may provide.

        Respectfully Submitted,

          s/J. Price McNamara

_____

**J. PRICE McNAMARA**
Bar Nos: LA 20291 & TX 24084626
10455 Jefferson Highway, Ste. 2B
Baton Rouge, LA 70809
Telephone: 225-201-8311
Facsimile: 225-612-6973
price@jpricemcnamara.com
Attorney for Complainant

**SERVICE**
Complaint will be served upon agent for service for defendant(s) by Certified Mail with request for Waiver of Service of Summons.